FIRST NATIONAL BANK OF FREDERIC, WISCONSIN, Appellant, v. McILVAINE, Respondent.

(139 N. W. 596.)

**Appeal—Dismissal of Action—Dismissal of Appeal—Appeal From Order Directing Dismissal of Action—Substantial Right.**

Plaintiff in the present action recovered judgment, and proceedings therein, except entry of judgment, were stayed for sixty days, within which time plaintiff brought a second action against defendant and another to subject certain realty to payment of said judgment, and, on defendant's motion in the first action, the court directed plaintiff to dismiss its second action, and, upon its refusal to do so, made an order on defendant's motion, dismissing the second action.  Plaintiff appealed from the order of dismissal, and also from the order directing it to dismiss.  **Held,** that the appeal from the latter order involved no substantial right.  An appeal being pending from the order in the second action, dismissing same, the ruling in the present

action, directing plaintiff to dismiss its second action, no longer affects any substantial right of either party.

(Opinion filed January 6, 1913.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by the First National Bank of Frederic, Wisconsin, against C. N. McIlvaine. From an order in the present action directing plaintiff to dismiss a second action brought by him against the same defendant and another, plaintiff appeals. Upon respondent's motion, said appeal is dismissed; there being pending an appeal by plaintiff from an order, made in the second action, dismissing the latter action.

*A. W. Wilmarth,* for Appellant.

The first assignment of error raises the question as to whether the court erred in its order of July 17, 1912, in the case of First National Bank of Frederic v. C. N. McIlvaine directing the plaintiffs to file with the court a formal application to dismiss the action of First National Bank of Frederic v. C. N. McIlaine and Sara T. McIlvaine and in the event that plaintiffs or their attorneys failed or neglected so to do said action would without further notice on motion of defendant's attorneys be dismissed, on the ground that they are separate and distinct actions.

The court in making this order evidently considered that the action of Bank v. C. N. McIlvaine and Sara T. McIlvaine was a violation of the stay order of the court dated May 27, 1912, in the case of Bank v. C. N. McIlvaine. Said stay order is worded as follows: "Ordered, that a stay of all proceedings in this action, except the entry of judgment and taxation of costs be had for a period of 60 days from this date,——." Therefore under this stay order the action of Bank v. C. N. McIlvaine and Sara T. McIlvaine is not a violation of the stay order unless it is a proceeding in the action of Bank v. C. N. McIlvaine.

The action of Bank v. C. N. McIlvaine and Sara T. McIlvaine is not the same action as that of Bank v. C. N. McIlvaine. The test by which it is usually determined whether two actions are identical is (1) are the parties the same, and (2) is the relief asked the same. Applying these tests we find that in the action of Bank vs. C. N. McIlvaine and Sara T. McIlvaine there is a defendant Sara T. McIlvaine who was not a party to the action

of Bank vs. C. N. McIlvaine and who was not even bound by the judgment in that case. Concerning the relief asked in the two cases, we find that the action of Bank vs. C. N. McIlvaine, was one brought to recover the amount due on two promissory notes, while the action of Bank vs. C. N. McIlvaine and Sara T. McIlvaine was an action brought to declare the defendant Sara T. McIlvaine a trustee of the property of C. N. McIlvaine standing in her name and to compel her to reconvey the said property to defendant, C. N. McIlvaine. Therefore the action of Bank v. C. N. McIlvaine and Sara T. McIlvaine, involving a different party and asking different relief cannot be a proceeding in the action of Bank vs. C. N. McIlvaine and is not a violation of the stay order in that case.

If, then, the action of Bank v. C. N. McIlvaine and Sara T. McIlvaine was a different action from that of Bank v. C. N. McIlvaine, it must be governed and can only be disposed of in the manner provided for in Chapter 12 of the Code of Civil Procedure, and the court had no power to make an order in the case of Bank v. C. N. McIlvaine directing plaintiff to dismiss the action of Bank v. C. N. McIlvaine and Sara T. McIlvaine. If defendants were of the opinion that the action of Bank v. C. N. McIlvaine and Sara T. McIlvaine was not maintainable, they should have taken the course prescribed by the Code of Civil Procedure and either demurred or answered the complaint in said action. Sec. 120 Code Civil Procedure.

For further points and authorities on behalf of appellant see Bank v. McIlvaine, et al., infra.

No brief was filed on behalf of Respondent. See, brief of Respondent in Bank v. McIlvaine, et al., infra, page

HANEY, J. On May 27, 1912, the plaintiff recovered a judgment in this action against the defendant for $2,599.24 and costs. All proceedings, except the entry of judgment and taxation of costs were stayed for 60 days. Subsequently the plaintiff brought an action against the defendant and Sara T. McIlvaine to have certain real property, the record title of which is in Sara T. McIlvaine, subjected to the payment of the aforesaid judgment. Thereafter the defendant moved the court in this action for an order requiring the plaintiff to withdraw its second action on the ground that it was instituted in violation of the order staying

proceedings in this action. Upon the hearing of this motion, the court entered an order directing the plaintiff to make a formal application to dismiss its second action and discharge the lis pendens filed therein within two days, and providing that, if the plaintiff failed to comply with such direction, the court would, upon defendant's motion, enter an order dismissing such action and discharging the lis pendens. Plaintiff having declined to withdraw its second action, the defendant moved to dismiss, which motion was granted, and the plaintiff appealed. It also appealed from the order made in this, the first action, directing it to dismiss the second one. The defendant now moves to dismiss such appeal for the reason that it involves no substantial right. Such motion should be granted.

The order entered in this action, relating to the dismissal of the second action, in effect merely informed the parties that the court would sustain a motion to dismiss in the second action. It, in effect, denied the relief sought by the defendant. An order having been entered in the second action dismissing the same, from which the plaintiff appealed, the ruling sought to be reviewed by the plaintiff's appeal in this action no longer affects any substantial right of either party. The only material issue is whether the second action should have been dismissed; such issue is presented by the appeal in the second action. Neither the reversal nor affirmance of the order appealed from in this action could possibly affect the right of the plaintiff to maintain its second action.

The plaintiff's appeal in this action is dismissed.